ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EMPRESAS ZEPOL, INC.  Peticionaria  v.  JAIME ENRIQUE CONDE MATOS Y OTROS  Recurrida | **TA2025CE00027** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de San Juan  Civil Núm.: SJ2018cv10804  Sobre: Nulidad de Sentencia, Fraude, Nulidad de Venta Judicial |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico a 11 de agosto de 2025.

Comparece ante este foro, Empresas ZEPOL, Inc. (ZEPOL o "parte peticionaria") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 15 de mayo de 2025. Mediante el referido dictamen, el foro primario no autorizó la moción de desestimación instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

**I.**

El 14 de diciembre de 2018, el Sr. Jaime E. Conde Matos y la Sra. Ilsa L. Conde Matos t/c/c Ilsa L. Conde Sánchez (en conjunto, "los recurridos"), presentaron una *Demanda* sobre nulidad de sentencia, fraude y nulidad de venta judicial en contra del Consejo de Titulares del Condominio Alcázar (Consejo de Titulares), entre otros

de nombres desconocidos.[1] En esencia, alegaron que el 11 de julio de 2012, la parte peticionaria presentó una acción por cobro de dinero en contra de la Sra. Ermelinda Matos Serrano t/c/c Emerlinda Conde Matos (QPD) en el caso núm. KCD2012-1641. No obstante, que ni la señora Matos Serrano, ni el señor Conde Matos (quien era entonces su tutor legal), habían sido notificados ni emplazados conforme a derecho sobre la acción presentada en su contra. Por consiguiente, que la sentencia en rebeldía dictada por el foro primario en el caso sobre cobro de dinero era nula. Añadieron que, dicha sentencia fue el resultado de un fraude al tribunal, toda vez que el Consejo de Titulares conocía o debió conocer sobre la incapacidad judicial de la señora Matos Serrano.

Luego de varias incidencias procesales, el 18 de febrero de 2021, los recurridos presentaron una *Demanda Enmendada*.[2] En esta, solicitaron incluir como partes codemandadas a ZEPOL, a la Sra. Noelis Márquez Reyes y Jorge L. Albelo Rodríguez, al Sr. Pedro Hieye González, entre otros de nombres desconocidos. Posteriormente, solicitó fueran emplazados por edicto, excepto el señor Hieye González, puesto que, los esfuerzos del emplazador para localizar a los codemandados fueron negativos.

El 18 de julio de 2021, ZEPOL presentó su *Contestación a Demanda Enmendad y Solicitud de Desestimación*.[3] En esencia, como parte de sus defensas afirmativas planteó que en el caso KCD2012-1641, pasaron prueba y el foro primario dictó Sentencia, la cual advino final, firme e inapelable. A su vez, que "la escritura

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Demanda Enmendada*, entrada núm. 57 en SUMAC.
[3] *Contestación a Demanda Enmendad y Solicitud de Desestimación*, entrada núm. 83 en SUMAC.

de Venta Judicial otorgada como consecuencia de un proceso post sentencia y de ejecución de esta, como el traspaso mediante escritura de compraventa realizado con posterioridad por la aquí compareciente, fueron evaluadas, calificadas y avaladas por el Registrador de la Propiedad Sección de San Juan." Por lo que, sostuvo que la adquisición mediante venta judicial descansó en la legalidad del proceso y doctrina de la ley del caso.

El 10 de agosto de 2021, los recurridos presentaron una *Moción en Oposicion a Solicitud de Desestimación.*[4] Mediante esta, reiteraron que el foro primario nunca adquirió jurisdicción sobre la señora Matos Serrano en el caso sobre cobro de dinero promovido por el Consejo de Titulares. A su vez, que posterior a que el foro *a quo* dictara sentencia en rebeldía, los codemandados celebraron una venta judicial en *Escritura 223*, en la cual estipularon que el señor Hieye González vendió, cedió, adjudicó y traspasó a favor de ZEPOL la propiedad inmueble en controversia, e hicieron constar que la propiedad estaba inscrita a favor de la señora Conde Matos. Asimismo, que ZEPOL vendió, cedió, adjudicó y traspasó a favor de los otros codemandados. Por lo que, se desprendía que los codemandados se sometieron a la adquisición y venta de la propiedad a sabiendas de que había sido ilegalmente adquirida por tratarse de una venta judicial nula.

Luego de varios trámites procesales, el 4 de diciembre de 2023, el foro primario notificó una *Sentencia Parcial*, mediante la cual desestimó con perjuicio la demanda enmendada en contra del Sr. Márquez

---

[4] *Moción en Oposicion a Solicitud de Desestimación*, entrada núm. 85 en SUMAC.

Reyes.[5] Concluyó que, el codemandado no había sido parte de la escritura de venta judicial que eventualmente otorgó la titularidad a ZEPOL, por lo que, era un tercero registral protegido por la fe pública.

Posteriormente, el 15 de julio de 2024, ZEPOL presentó una *Solicitud de Sentencia Sumaria Parcial a Favor de Empresas ZEPOL, Inc.*[6] En esta, sostuvo que de igual forma que el codemandado Márquez fue considerado como tercero registral, los peticionarios también estaban protegidos durante el periodo en que fueron los titulares de la propiedad. Alegaron que, confiaron en la legalidad de un proceso judicial y en la fe pública registral al momento de adquirir la propiedad. Por lo que, consideraron que se les debía brindar la protección de tercero registral.

En respuesta, el 5 de agosto de 2024, los recurridos presentaron su oposición a la solicitud de sentencia sumaria de ZEPOL.[7] En síntesis, alegaron que habían hechos en controversia que hacían necesaria la celebración de un juicio en sus méritos para que se examinaran las argumentaciones concernientes a la intención de las partes.

Evaluadas las mociones presentadas por las partes, el 22 de agosto de 2024, el foro primario notificó una *Resolución*.[8] Mediante esta, indicó lo siguiente:

> […] no procede dictar sentencia sumaria sobre los hechos antes mencionada por las siguientes razones, la demandada no presentó la certificación registral al momento en que adquirió la propiedad, existe controversia sobre la forma y manera en que licitaron en la subasta, la

---

[5] *Sentencia Parcial*, entrada núm. 127 en SUMAC.
[6] *Solicitud de Sentencia Sumaria Parcial a Favor de Empresas ZEPOL, Inc.*, entrada núm. 155 en SUMAC.
[7] *Oposición a Solicitud de Sentencia Sumaria radicada por Empresas Zepol, Inc.*, entrada núm. 157 en SUMAC.
[8] *Resolución*, entrada núm. 158 en SUMAC.

adquisición de la propiedad, que información tenía al momento del lanzamiento previo a realizar la compraventa de la propiedad y si estos tenían conocimiento de que la Sra. Ermelinda Matos Serrano no vivía dicha propiedad por estar residiendo en un asilo. Por último, existe controversia si Empresa Zepol, Inc. se comunicó con el Sr. Jaime Enrique Conde Matos, tutor de la Sra. Ermelinda Matos Serrano a los fines de realizar el lanzamiento, previo a otorgar la escritura de compraventa a un tercero. Todas esta controversia inciden en la determinación sobre si, el demandado Empresas Zepol, Inc., está protegido por la figura de Tercero Registral.

Así pues, determinó que existían hechos reales y sustanciales en controversia que impedían se dictara sentencia sumaria en esos momentos. Por ello, declaró *No Ha Lugar* a la solicitud de sentencia sumaria instada por ZEPOL.

En desacuerdo, el 4 de septiembre de 2024, la parte peticionaria presentó una *Moción Solicitando Reconsideración*.[9] El 27 de septiembre de 2024, los recurridos presentaron su oposición.[10] No obstante, la reconsideración fue denegada mediante *Resolución* notificada el 30 de septiembre de 2024.[11]

Luego de varios trámites procesales, el 15 de mayo de 2025, ZEPOL presentó una *Moción de Desestimación*.[12] En esencia, sostuvo que la demanda contenía reclamos en su contra de forma genérica, incumpliendo con el estándar de especificidad requerido por la Regla 7.2 de Procedimiento Civil, y con el criterio de plausibilidad exigido por la jurisprudencia para sostener una causa de acción por fraude. Por ello, esbozaron que habían sido indebidamente incorporados al pleito sin base factual

---

[9] *Moción Solicitando Reconsideración*, entrada núm. 159 en SUMAC.
[10] *Oposición a Moción de Reconsideración presentada por la codemandada Empresas Zepol, Inc.*, entrada núm. 161 en SUMAC.
[11] *Resolución*, entrada núm. 162 en SUMAC.
[12] *Moción de Desestimación*, entrada núm. 167 en SUMAC.

que justificara la concesión de un remedio, así pues, solicitaron la exclusión total del pleito.

El 15 de mayo de 2025, el foro primario notificó la *Orden* recurrida.[13] En esta, indicó lo siguiente:

> [d]espués de casi siete (7) años de litigio, el juicio esta pautado para La semana del 2 al 4 de junio del 2025. Por lo que el Tribunal no autoriza la Moción de Desestimación presentada por la parte co-demandada, Empresas Zepol, Inc. Permitir la referida a semana de comenzar juicio perjuicio a la parte demandante.

En desacuerdo, el 16 de mayo de 2025, la parte peticionaria presentó una *Moción de Reconsideración*.[14] No obstante, el 22 de mayo de 2025, el foro primario mediante *Resolución Interlocutoria* denegó dicha moción de reconsideración.[15]

Aun inconformes, el 23 de junio de 2025, ZEPOL presentó el recurso de *certiorari* que nos ocupa y señaló los siguientes errores:

> **PRIMER ERROR:** El Tribunal de Primera Instancia mantuvo y mantiene a Empresas Zepol, Inc. como parte demandada, alegando controversias sobre la forma en que adquirió el inmueble. No obstante, la parte recurrida no presentó evidencia que vinculara a Empresas Zepol con el alegado fraude previo a la subasta. La propiedad fue adquirida mediante procedimiento judicial, formalizada mediante escritura de Venta Judicial e inscrita en el Registro de la Propiedad, lo cual le confería protección como tercero registral de buena fe. Al ignorar esta condición —sin prueba que desvirtúe su legitimidad— el Tribunal aplicó erróneamente el derecho registral y violó garantías básicas de debido proceso de ley.

> **SEGUNDO ERROR:** El Honorable Tribunal denegó la Moción de Desestimación presentada por Empresas Zepol, Inc., considerando erróneamente que la Demanda Enmendada contenía alegaciones suficientes para sostener una causa de acción por fraude. Estas alegaciones son meras conclusiones generales sin hechos específicos,

---

[13] *Orden*, entrada núm. 168 en SUMAC.
[14] *Moción de Reconsideración,* entrada núm. 169 en SUMAC.
[15] *Resolución Interlocutoria*, entrada núm. 170 en SUMAC.

incumpliendo los requisitos estrictos de la Regla 7.2 de Procedimiento Civil, que exige particularidad en las imputaciones de fraude. Al no identificar actos fraudulentos concretos atribuibles a Empresas Zepol, Inc., ni demostrar su participación en los hechos alegados, el Honorable Tribunal debió desestimar la demanda por insuficiencia jurídica.

El 1 de julio de 2025, emitimos una *Resolución* mediante la cual le concedimos quince (15) días a la parte recurrida para que presentara su alegato en oposición.

Luego de una solicitud de prórroga, el 24 de julio de 2025, la parte recurrida presentó su alegato en oposición.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. *Íd.*, pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. *Íd.* Esto, ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del

derecho, pues ello constituiría abuso de discreción. *Íd*. Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad." *Íd*.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (remedios provisionales) y la Regla 57 (*injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63 215 DPR __ (2025), establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación

de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

### III.

Conforme a la normativa antes expuesta, este Tribunal tiene jurisdicción para atender el presente recurso por recurrirse de un dictamen interlocutorio del Tribunal de Primera Instancia. Sin embargo, evaluado el expediente ante nuestra consideración a la luz de los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra*, concluimos que este caso no amerita nuestra intervención.

En el caso de autos, ZEPOL, en esencia, alega que incidió el foro primario al mantenerlos como parte demandada en el pleito, aun cuando la prueba presentada no los vinculaba con el alegado fraude previo a la subasta. Añaden que, los recurridos no pudieron identificar actos fraudulentos concretos atribuibles a ZEPOL, por lo que, procedía la desestimación de la demanda por insuficiencia jurídica.

Por su parte, los recurridos esbozan que la decisión del foro primario fue tomando en cuenta la etapa de los procedimientos en que se encontraba la controversia. Asimismo, añadieron que la parte peticionaria procura revisitar determinaciones judiciales que descartaron su procedencia de sus solicitudes desestimatorias.

A la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, *supra*, no encontramos criterio alguno que nos mueva expedir el recurso de *certiorari* presentado por ZEPOL. Lo anterior, por no encontrar indicio alguno de que el foro primario actuara de forma arbitraria, caprichosa, en abuso de su discreción o que haya cometido algún error de derecho, denegamos expedir el recurso discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** el auto de *certiorari* de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones